# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**ELSTER J. PONTHIEUX**                                                **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:06CV94-WHB-LRA**

**QUINCY TAYLOR**                                                 **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court upon a *sua sponte* review of the docket. Elster J. Ponthieux [hereinafter "Plaintiff"] filed a Complaint on February 24, 2006, naming "Quincy Taylor" as Defendant.  According to Plaintiff, an inmate at the Central Mississippi Correctional Facility ["CMCF"], Defendant Taylor confiscated his crutches.  Plaintiff was forced to walk without them for twenty-four days, and this cause excruciating pain.  Plaintiff, who is still incarcerated in CMCF, paid his filing fee in this case at the time he filed his Complaint.

This Court granted Plaintiff's request that the United States Marshal be directed to serve process on Defendant because Plaintiff was unable to complete service of process due to his incarceration.  Summons was issued for Quincy Taylor on June 13, 2006, but it was returned unexecuted on August 11, 2006, marked "no longer employed 7/5/06."  No action was taken in the case until this Court entered an Order to Show Cause on April

10, 2007 [#10].  In that Order, Plaintiff was directed to show cause, in writing, as to why process has not yet been served on Defendant.  Plaintiff was warned that his failure to show cause would result in the dismissal of this case.

Defendant no longer works at CMCF or any facility operated by the Mississippi Department of Corrections, according to information obtained by personnel of the undersigned.  The current address of Defendant is unknown to the Court, and Plaintiff has not provided a current address for Quincy Taylor.  Attempts by the personnel of the undersigned's office to locate him have also been futile.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* without prejudice for Plaintiff's failure to prosecute his case by not having caused process to be served within the year after filing the Complaint.

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.**  If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ...

The time period for serving process originally expired on or about June 14, 2006.  The Court did not dismiss the case at that time because prisoner plaintiffs are given great latitude in effecting process due to their incarceration.  However, in over a year's time, Plaintiff should have made some additional effort to locate the named defendant, and he apparently has not done so.

It is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed due to his failure to have the summons and complaint served on the named defendant within 120 days of the filing of the Complaint.  The dismissal shall be without prejudice and entered pursuant to FED. R. CIV. P. 4(m).

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten (10) days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; ***Douglass v. United Services Auto. Ass'n***, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 13th day of June, 2007.

    <u>S/ Linda R. Anderson</u>
UNITED STATES MAGISTRATE JUDGE